UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Kenyatta Beard and Jason Beard, as the Parents and Legal Guardians of J.B., a Minor, <br><br> PLAINTIFFS, <br><br> vs. <br><br> Palmetto Health and Shawnequa Brown, M.D., <br><br> DEFENDANTS. | Civil Action No.: 3:17-727-JFA <br><br> **COMPLAINT** <br> (Jury Trial Requested) <br> (Medical Malpractice) |

The Plaintiffs, Kenyatta and Jason Beard, as the Parents and Natural Guardians of J.B., a Minor, brings this Action against the Defendants, Palmetto Health and Shawnequa Brown, and would respectfully show unto this Honorable Court:

**PARTIES**

1.      The Plaintiffs, Kenyatta and Jason Beard, are the Parents and Natural Guardians of J.B., a Minor ("Minor Plaintiff"), and are citizens and residents of the State of Pennsylvania.

2.      Upon information and belief, the Defendant, Palmetto Health is a private, non-profit hospital operating and existing under the laws of the State of South Carolina, with its principal place of business in Richland County, South Carolina. At all times mentioned herein, this Defendant operates a hospital facility by and through its agents, servants, and/or employees, including but not limited to the Defendant Shawnequa Brown, M.D., and had a doctor/patient relationship with the Plaintiff.

3.      Upon information and belief, the Defendant, Shawnequa Brown, M.D., is a citizen and resident of Columbia, South Carolina. At all times mentioned herein, this Defendant was acting

individually and as an agent, servant, and/or employee of the Defendant Palmetto Health. At all times mentioned in this Complaint, Dr. Brown provided care to patients, including the Plaintiff, at Palmetto Health and had a doctor/patient relationship with the Plaintiff. Upon information and belief, Defendant Shawnequa Brown, M.D. is also affiliated with Waverly Women's Health Center in Columbia, South Carolina. After the Notice of Intent was filed and served, Plaintiff's counsel was notified that Eau Claire, which is the parent company of Waverly Women's Health, is federally funded and therefore falls under the Federal Tort Claims Act. Immediately thereafter, Plaintiffs filed a Standard Form 95 with the Department of Health and Human Services on January 6, 2017.

## JURISDICTION AND VENUE

4.      The Court has subject matter jurisdiction to adjudicate the allegations set forth in this Complaint pursuant to § 28 U.S.C. 1332.

5.      Venue is proper in the Columbia Division because the Defendants are located in Columbia, South Carolina, and the most substantial part of the alleged acts and omissions giving rise to the cause of action occurred in this District.

6.      Attached to the Complaint is the Affidavit of Robert Dein, M.D., a physician licensed to practice in the State of Pennsylvania. Further, this affidavit is attached pursuant to S.C. Code 15-36-100.

7.      The Plaintiff filed a Notice of Intent to File Suit in a Medical Negligence Case, Case Number 3:16-mc-00428-JFA. A pre-suit mediation was conducted on January 30, 2017, during which time the mediator declared an impasse. The instant Summons and Complaint are now ripe for filing.

## FACTS

8. During the time period in question, Kenyatta Beard was a 25 year old Gravida 3 Para 1011 with an EDC of 7/8/14. Her history was pertinent for an SVD at 37 weeks gestation of a 7'11" infant without incident. Her initial weight was 197 lbs.

9. Ms. Beard had a 1 hour glucola of 218 mg/dl. The protocol with a one hour result > 200 is not to proceed with a 3 hour test, as the diagnosis of gestational diabetes is already made, but this patient did have a 3 hour test. Those results were a very abnormal 119/191/195/174. Ms. Beard was then placed on glyburide 5 mg bid, which did not bring her glucose levels down to appropriate levels. A review of a home glucose monitor log from 5/14 - 5/20 showed FBS 140 to 192, and 2 hour post prandial from 145 to 277.

10. Ms. Beard was admitted to the hospital from May 20, 2014 to May 22, 2014 with "uncontrolled gestational diabetes" under care of her OB, the Defendant Shawnequa Brown, M.D. She was begun on split dose insulin and had the dose increased to NPH 16u AM/PM and regular insulin 10u AM/PM.

11. Ms. Beard was also started on twice weekly non-stress testing.

12. On June 17, 2014, Ms. Beard was admitted to Palmetto Health Baptist with poorly controlled diabetes. At this point, Ms. Beard was almost 37 weeks gestation. An ultrasound was ordered for "AFI and estimated fetal weight", but no estimated fetal weight was performed or reported. During this admission, it was noted that Ms. Beard's average FBS was 130 - 135, and her 2 hour post prandial glucose was 150 - 200. The impression by J. Robert Brennen, M.D. was "Very poor control". He noted that this was a LGA (large for gestational age) baby > 8lbs.

13. Ms. Beard's last prenatal visit was on June 30, 2014. She was 38 6/7 gestation, with a weight of 249 lbs for a total weight gain of 52lbs, and +3 urine glucose. The note states "C/S in the AM". There are minimal notations on the prenatal record, and no notation as to whether Ms.

Beard was counseled as to the risk vs. benefit of vaginal vs. cesarean section given poorly controlled diabetes and a large baby.

14.     Ms. Beard was admitted to Palmetto Health on July 2, 2014 for a scheduled induction of labor. An ultrasound was done by Charles Hubbard, M.D. A review of his raw data shows that the BPD is <2%ile, HC - 4%ile, AC - 97%ile. Therefore, the head to body ration (HC:AC) is very abnormal, which is a risk for shoulder dystocia as the head is smaller than the body.

15.     There is no notation in the hospital chart as to whether anyone acknowledged that this poorly controlled diabetic with an abnormal H:B ratio was at risk for shoulder dystocia, and no notation that Ms. Beard was counseled as to her right to have a primary c-section to avoid that risk.

16.     Dr. Brown delivered the baby vaginally on July 2, 2014. Ms. Beard was induced, and a shoulder dystocia was encountered, reduced with McRobert's maneuver and supra pubic pressure. The baby weighed 9 lbs 14 ounces, which is 4.48 kg. She was ultimately diagnosed with brachial plexus palsy as a result of the vaginal delivery.

17.     At birth, the Minor Plaintiff had no movement in her right arm. She received physical and occupational therapy for her brachial plexus injury and subsequent Erb's Palsy posture. Progress stalled at about 6 months, where it was noted that she still had weak wrist movement and decreased sensation in the right upper extremity. At 10 months old, the Minor Plaintiff underwent a brachial plexus exploration and repair procedure. She continues to have problems related to the injuries sustained at birth.

### FOR A FIRST CAUSE OF ACTION
### MEDICAL NEGLIGENCE

18.     Each and every allegation of fact stated above is re-alleged herein as if restated verbatim.

19. The above set forth incident and resulting injuries were proximately caused by the negligent, grossly negligent, reckless, willful and wanton acts of the Defendants in the following particulars:

    a. In failing to provide the appropriate, reasonable and necessary medical care to the Plaintiff;

    b. Failing to determine that the baby had a very abnormal H:B ratio;

    c. Failure of the nursing staff to properly monitor Ms. Beard;

    d. Failing to acknowledge that with poorly controlled diabetes, a large for gestational age baby, and excessive maternal weight gain, Ms. Beard ran a significant risk for shoulder dystocia;

    e. Failing to give Ms. Beard adequate informed consent to allow her to choose a primary cesarean section;

    f. Failing to choose to perform a cesarean section in the face of all the above risk factors;

    g. Failing to exercise reasonable care to provide the proper medical care to Ms. Beard and her baby during labor and delivery; and

    h. In other particulars that will be developed in discovery.

20. As a direct and proximate result of the aforementioned acts on behalf of the Defendants, the Minor Plaintiff experienced severe pain and suffering, continuous medical treatment, and medical bills. As such, the Plaintiffs have suffered ACTUAL, CONSEQUENTIAL, and PUNITIVE DAMGES.

**WHEREFORE**, the Plaintiffs pray judgment against the Defendants, both jointly and severally for ACTUAL, CONSEQUENTIAL, and PUNITIVE DAMAGES, together with costs of this action, and for such other and further relief as this Court may deem fit, just and proper.

       s/J. Edward Bell, III
J. Edward Bell, III
Deloris K. Cromartie
Bell Legal Group, LLC
Post Office Box 2590
Georgetown, SC 29442
Telephone:  843-546-2408
Facsimile:  843-546-2906

ATTORNEYS FOR THE PLAINTIFF

Georgetown, South Carolina
March 16, 2017